IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JACKSON E. BALLANCE                                                     PLAINTIFF

v.                             CIVIL NO. 12-3104

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                         DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Jackson E. Ballance, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. <u>See</u> 42 U.S.C. § 405(g).

**I.   Procedural Background:**

Plaintiff protectively filed his current application for SSI on October 2, 2009, alleging an inability to work since May 30, 2007, due to his back, neck, wrist, knees, and feet. (Tr. 96, 146, 203). An administrative hearing was held on September 8, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 471-514). Subsequent to the hearing, Plaintiff filed a

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

DIB application alleging disability since May 30, 2007. (Tr. 13). This DIB application was escalated to the hearing level. (Tr. 13). For DIB purposes, Plaintiff maintained insured status through June 30, 2007. (Tr. 13, 100).

By written decision dated July 11, 2011, the ALJ found that during the relevant time period, Plaintiff performed substantial gainful activity from January of 2008, through June of 2008 when he was laid off from work. (Tr. 15). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 16). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease/osteoarthritis of the cervical, thoracic, and lumbar spine; obesity; hypertension; left lateral epicondylitis; borderline intellectual functioning; a learning disorder, NOS; a depressive disorder, NOS; a pain disorder; and a seizure disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the individual is limited to only occasional climbing of ramps/stairs, never climbing ladders/ropes/scaffolds, only occasional balancing, stooping, kneeling, crouching, and crawling, and no overhead work with the dominant left upper extremity. The individual must avoid concentrated exposure to temperature extremes, wetness, humidity, fumes/odors/dusts/gasses/poor ventilation, and hazards, e.g. unprotected heights, unprotected moving machinery, and driving as a part of work. The individual is further limited to work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, with few variables and use of little judgment, and the supervision required is simple, direct, and concrete.

(Tr. 18). With the help of a vocational expert, the ALJ determined Plaintiff could perform work

as a production worker and an inspector. (Tr. 25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on June 22, 2012. (Tr. 6-9). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9,10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.     Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one

year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 916.520.

**III.   Discussion:**

Plaintiff argues the following issues on appeal: 1) the ALJ erred in determining Plaintiff's RFC; 2) the ALJ erred in failing to find Plaintiff met Listing 12.05(c); 3) the ALJ erred in determining Plaintiff could perform other work, based on the "worn-out worker" rule; and 4) the ALJ erred in making a credibility finding.

### A. Insured Status:

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on June 30, 2007. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of May 30, 2007, his alleged onset date of disability, through June 30, 2007, the last date he was in insured status under Title II of the Act.

In order for Plaintiff to qualify for DIB he must prove that, on or before the expiration of his insured status he was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984). Records and medical opinions from outside the insured period can only be used in "helping to elucidate a medical condition during the time for which benefits might be rewarded." Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir.2006) (holding that the parties must focus their attention on claimant's condition at the time she last met insured status requirements).

### B. The ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain

AO72A
(Rev. 8/82)

are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and his medical records when he determined Plaintiff could perform light work with limitations. The Court further notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of examining and non-examining medical professionals, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

### C. Listing Impairment 12.05C:

Under Listing 12.05C, a claimant suffers from the required severity of mental retardation if he shows a valid verbal, performance, or full scale IQ of 60 through 70, with an onset prior to age 22, and a physical or other mental impairment imposing an additional and significant

work-related limitation of function. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C; McNamara v. Astrue, 590 F.3d 607, 611 (8th Cir. 2010). When trying to establish that the Listing 12.05C requirements have been met, the claimant must also meet the requirements in the introductory paragraph of Listing 12.05. Maresh v. Barnhart, 438 F.3d 897, 899 (8th Cir. 2006). Those requirements clearly include demonstrating that the claimant suffered "deficits in adaptive functioning" and that those deficits "initially manifest during the developmental period [before age 22]." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05; Cheatum v. Astrue, 388 Fed. Appx. 574, 576 (8th Cir. 2010)(citations omitted).

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and that there was sufficient evidence for the ALJ to make an informed decision. Therefore, the Court finds there is substantial evidence of record to support the ALJ's finding that Plaintiff did not meet Listing 12.05C.

**D.    The "worn-out-worker" rule:**

The "worn-out-worker" rule applies to a claimant who has:

> no more than a marginal education (see § 404.1564) and work experience of 35 years or more during which [he] did only arduous unskilled physical labor, and [he was] not working and [is] no longer able to do this kind of work because of a severe impairment(s) (see §§ 404.1520(c), 404.1521, and 404.1523).

20 C.F.R § 404.1562. If a claimant qualifies as a worn-out worker, the Commissioner "will consider [him] unable to do lighter work, and therefore, disabled." Id.; see also Smith v. Shalala, 46 F.3d 45, 46 (8th Cir.1995). Marginal education is defined as "ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs. [The Commissioner] generally consider[s] that formal schooling at a 6th grade level or less is a marginal education."

-7-

20 C.F.R. § 404.1564(b)(2). Marginal education is one level above "illiteracy" and one level below "limited education." Limited education is defined as having "ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs." 20 C.F.R. § 404.1564(b)(3).

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and that there was sufficient evidence for the ALJ to make an informed decision. Therefore, the Court finds there is substantial evidence of record to support the ALJ's finding that Plaintiff did not meet the requirements of the "worn-out-worker" rule.

### E. Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record

revealed that in August of 2010, Plaintiff reported that he was able to perform some household chores, shop for groceries, visit friends, talk to neighbors, and exercise. (Tr. 205-226). A review of the medical evidence further revealed that in April of 2011, Plaintiff was noted to have full range of motion of his spine and extremities; normal strength; normal coordination; normal and symmetrical reflexes; and no tenderness or swelling. (Tr. 403).

Therefore, although it is clear that Plaintiff suffers with some degree of pain, he has not established that he is unable to engage in any gainful activity. See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does not mandate a finding of disability). Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### F.   Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as a production worker and an inspector during the relevant time period. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

## IV.   Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial

evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 14th day of November, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)